NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUIS L. LANE,<br><br>   Plaintiff,<br><br> vs.<br><br>DEPUTY JONES,<br><br>   Defendant. | No. C 10-01337 JF (PR)<br><br>ORDER OF PARTIAL DISMISSAL;<br>DIRECTING PLAINTIFF TO<br>PROVIDE FIRST NAME OR INITIAL<br>OF DEFENDANT JONES |

Plaintiff, a California prisoner under custody at the San Francisco County Jail, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against jail officials for unconstitutional acts. Plaintiff's motion for leave to proceed in forma pauperis, (Docket No. 2), will be granted in a separate order.

**DISCUSSION**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff alleges that on February 17, 2009, while in custody in the San Francisco County Jail in San Bruno, he was assaulted by another inmate while Defendant Deputy Jones "allowed and encouraged the attack to happen." (Compl. Attach. at 1.) Plaintiff claims that he and this inmate had fought in previous altercations, and that a "stay way [*sic*] order was in place for that inmate." (Id.) Plaintiff alleges that Defendant Jones nevertheless allowed the inmate to be in Plaintiff's direct presence, and in full view of Defendant Jones, the inmate threw boiling hot water in Plaintiff's face. (Id.) Plaintiff claims that he received second-degree burns and now has a visible scar as a result of the attack. (Id.) Plaintiff alleges Defendant Jones acted in conspiracy with the inmate to cause him harm. Liberally construed, this claim is cognizable as a violation of the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 832-33 (1994).

Plaintiff's claims of "negligence and complicity" against the San Francisco County Sheriff's Department and Sheriff Hennessey are DISMISSED for failure to state a claim. Neither negligence nor gross negligence is actionable under § 1983 in the prison context. See id. at 835-36 & n.4. Other than this general allegation, Plaintiff has made no specific factual allegations against the Department or Defendant Hennessey by which this Court can liberally construe a claim of an Eighth Amendment violation. Accordingly, these Defendants are DISMISSED from this action.

### C. Service on Defendant Jones

In cases wherein the Plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. 1915(d). The Court must appoint the Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the Court, must serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994). Although a Plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such Plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).

Here, Plaintiff has identified Defendant Jones only by his last name. In order to avoid potential problems with service, Plaintiff is directed to provide the Court with Defendant Jones' first name or initial in order for the Court to issue summons and order service on the proper defendant. If Plaintiff is unable to provide the information in the time provided, the Court will order service on Defendant under the last name "Jones" as provided by Plaintiff in the complaint.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1.  Defendants San Francisco Sheriff's Department and Sheriff Michael Hennessey are DISMISSED from this action as all claims against them have been dismissed. The Clerk shall terminate these defendants from the docket.

2.  Plaintiff is directed to provide the Court with Defendant Jones' first name or initial **within twenty (20) days** from the date this order is filed, in order for the Court to issue summons and order service on the proper defendant.

3.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to

1 prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2      IT IS SO ORDERED.

3 DATED: 8/11/10

4                                             JEREMY FOGEL  
                                            United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MARQUIS L LANE,

        Plaintiff,

  v.

DEPUTY JONES,

        Defendant.
                                         /

Case Number: CV10-01337 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  8/11/10 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lane L. Marquis 2369747
San Francisco County Jail
850 bryant Street
HO2
San Francisco, CA 94103

Dated:  8/11/10

                                                        Richard W. Wieking, Clerk