1
2
3
4
5
6
7
8
9
10
11

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARQUIS L. LANE, | ) | No. C 10-01337 JF (PR) |
| Plaintiff, | ) | ORDER OF SERVICE; DIRECTING |
| | ) | DEFENDANT TO FILE DISPOSITIVE |
| vs. | ) | MOTION OR NOTICE REGARDING |
| | ) | SUCH MOTION; INSTRUCTIONS TO |
| | ) | CLERK |
| DEPUTY JONES, | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, a California prisoner under custody at the San Francisco County Jail,
filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against jail
officials for unconstitutional acts.  In an Order of Partial Dismissal, Plaintiff was directed
to provide the first name or initial of Defendant Jones.  (Docket No. 4 at 3.)  The
information having been provided, (see Docket No. 5), the Court orders service of the
complaint.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a
prisoner seeks redress from a governmental entity or officer or employee of a

1  governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  In its review, the court must identify

2  any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

3  claim upon which relief may be granted or seek monetary relief from a defendant who is

4  immune from such relief.  <u>See</u> <u>id.</u> § 1915A(b)(1),(2).  <u>Pro se</u> pleadings must, however, be

5  liberally construed.  <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.

6  1988).

7       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

8  elements: (1) that a right secured by the Constitution or laws of the United States was

9  violated, and (2) that the alleged violation was committed by a person acting under the

10  color of state law.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

11  **B.    <u>Plaintiff's Claims</u>**

12       Plaintiff alleges that on February 17, 2009, while in custody in the San Francisco

13  County Jail in San Bruno, he was assaulted by another inmate while Defendant Deputy

14  Jones "allowed and encouraged the attack to happen."  (Compl. Attach. at 1.)  Plaintiff

15  claims that he and this inmate had fought in previous altercations, and that a "stay way

16  [*sic*] order was in place for that inmate."  (<u>Id.</u>)  Plaintiff alleges that Defendant Jones

17  nevertheless allowed the inmate to be in Plaintiff's direct presence, and in full view of

18  Defendant Jones, the inmate threw boiling hot water in Plaintiff's face.  (<u>Id.</u>)  Plaintiff

19  received second-degree burns and has a visible scar as a result of the attack.  (<u>Id.</u>)

20  Plaintiff alleges Defendant Jones acted in conspiracy with the inmate to cause him harm.

21  Liberally construed, this claim is cognizable as a violation of the Eighth Amendment.

22  <u>Farmer v. Brennan</u>, 511 U.S. 825, 832-33 (1994).

23

24                                **CONCLUSION**

25       For the reasons stated above, the Court orders as follows:

26       1.    The Clerk of the Court shall issue summons and the United States Marshal

27  shall serve, without prepayment of fees, a copy of the complaint in this matter, all

28  attachments thereto, and a copy of this order upon **Defendant Sheriff's Deputy G. Jones**

at the **San Francisco Sheriff's Department,** located at the 4th Floor of San Francisco City Hall.  The Clerk shall also mail courtesy copies of the Complaint and this order to the California Attorney General's Office.

2.      No later than **sixty (60) days** from the date of this order, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above, or, within such time, notify the Court that Defendant is of the opinion that this case cannot be resolved by such a motion.

a.      If Defendant elects to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

b.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

3.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed.

a.      In the event Defendant files an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

The Defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

1
2
3
4
5

in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

6
7

b.      In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to Plaintiff:

8
9
10
11
12
13
14
15
16
17
18

The defendants have made a motion for summary  judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is,  if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

19
20
21
22
23
24
25
26

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

27
28

4.      Defendant shall file a reply brief no later than **fifteen (15) days** after

Order of Service; Directing Ds to file Disp. Motion
P:\PRO-SE\SJ.JF\CR.10\Lane01337_svc.wpd

4

1  Plaintiff's opposition is filed.

2      5.    The motion shall be deemed submitted as of the date the reply brief is due.

3  No hearing will be held on the motion unless the Court so orders at a later date.

4      6.    All communications by the Plaintiff with the Court must be served on

5  Defendant, or Defendant's counsel once counsel has been designated, by mailing a true

6  copy of the document to Defendant or Defendant's counsel.

7      7.    Discovery may be taken in accordance with the Federal Rules of Civil

8  Procedure.  No further Court order is required before the parties may conduct discovery.

9      8.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

10  Court informed of any change of address and must comply with the Court's orders in a

11  timely fashion.  Failure to do so may result in the dismissal of this action for failure to

12  prosecute pursuant to Federal Rule of Civil Procedure 41(b).

13      IT IS SO ORDERED.

14  DATED: ___9/3/10_____

15                          _____
                            JEREMY FOGEL
16                          United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


MARQUIS L. LANE,

             Plaintiff,

  v.

DEPUTY G. JONES,

             Defendant.

_____/

Case Number: CV10-01337 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on __9/20/10_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Lane L. Marquis 2369747
San Francisco County Jail
850 Bryant Street
HO2
San Francisco, CA 94103


Dated: __9/20/10_____

                          Richard W. Wieking, Clerk

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA


MARQUIS L. LANE,

                Plaintiff,

  v.

DEPUTY G. JONES,

                Defendant.
_____/

        Case Number: CV10-01337 JF

        **CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Marquis L. Lane 2369747
San Francisco County Jail
850 Bryant Street
HO2
San Francisco, CA 94103


Dated: _____

        Richard W. Wieking, Clerk