1

2

3

4

5

6

7

8                                    NOT FOR CITATION

9                        IN THE UNITED STATES DISTRICT COURT

10                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12   MARQUIS L. LANE,                    )        No. C 10-01337 JF (PR)
                                         )
13                 Plaintiff,            )        ORDER GRANTING MOTION TO
                                         )        DISMISS; DENYING MOTION FOR
14     vs.                               )        SUMMARY JUDGMENT
                                         )
15   DEPUTY JONES,                       )
                                         )
16                                       )
                   Defendant.            )
17   _____)        (Docket No. 13)

18

19         Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights

20   action pursuant to 42 U.S.C. § 1983 against San Francisco Sheriff's Department officers.

21   Finding the complaint, when liberally construed, stated cognizable claims, the Court

22   ordered service upon Defendant Deputy Jones.  (Docket No. 6.)  Defendant filed a motion

23   to dismiss the complaint, (Docket No. 13), for failure to exhaust administrative remedies

24   before filing the suit pursuant to 42 U.S.C. § 1997e(a), or in the alternative, a motion for

25   summary judgment.  Plaintiff has not filed opposition, although he was given an

26   opportunity to do so.

27   ///

28   ///

1

**DISCUSSION**

2  A.     Statement of Facts

3          Plaintiff filed a complaint on March 30, 2010, naming as defendants Sheriff

4  Michael Hennessey, Deputy Jones, and the San Francisco Sheriff's Department.  (Compl.

5  at 2-3.)  In his complaint, Plaintiff checked the box indicating that he complied with the

6  administrative exhaustion requirement by submitting a grievance to the San Francisco

7  County Jail**.**  (Id. at 1.)  On September 20, 2010, the Court issued an order of service

8  identifying one cognizable claim in Plaintiff's complaint – an Eighth Amendment claim

9  against Deputy Jones – in which Plaintiff alleges that on February 17, 2009, he was

10  attacked by another inmate in the presence of Deputy Jones, that a stay away order was in

11  place for this inmate, and that Deputy Jones conspired with the inmate to allow the attack.

12  The Court dismissed all of Plaintiff's claims against the other defendants for failure to

13  state a claim.  (See Docket No. 4.)

14  B.     Standard of Review

15          The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e

16  to provide that "[n]o action shall be brought with respect to prison conditions under [42

17  U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or

18  other correctional facility until such administrative remedies as are available are

19  exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory and no longer left to the

20  discretion of the district court.  Woodford v. Ngo, 548 U.S. 81, 84 (2006) (citing Booth

21  v. Churner, 532 U.S. 731, 739 (2001)).  "Prisoners must now exhaust all 'available'

22  remedies, not just those that meet federal standards."  Id.  Even when the relief sought

23  cannot be granted by the administrative process, i.e., monetary damages, a prisoner must

24  still exhaust administrative remedies.  Id. at 85-86 (citing Booth, 532 U.S. at 734).

25          The PLRA's exhaustion requirement requires "proper exhaustion" of available

26  administrative remedies.  Id. at 93.  This requirement cannot be satisfied "by filing an

27  untimely or otherwise procedurally defective administrative grievance or appeal."  Id. at

28  84.  "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term

1    'exhausted' to mean what the term means in administrative law, where exhaustion means

2    proper exhaustion." <u>Id.</u> at 92.  Therefore, the PLRA exhaustion requirement requires

3    proper exhaustion.  <u>Id.</u>  "Proper exhaustion demands compliance with an agency's

4    deadlines and other critical procedural rules because no adjudicative system can function

5    effectively without imposing some orderly structure on the course of its proceedings." <u>Id.</u>

6    at 90-91 (footnote omitted).  Accordingly, the filing of an untimely grievance or appeal is

7    not proper exhaustion.  <u>See id.</u> at 92.  A prisoner must complete the administrative review

8    process in accordance with the applicable procedural rules, including deadlines, as a

9    precondition to bringing suit in federal court.  <u>See id.</u> at 87; <u>see also</u> <u>Johnson v. Meadows</u>,

10   418 F.3d 1152, 1159 (11th Cir. 2005) (holding that, to exhaust remedies, a prisoner must

11   file appeals in the place, and at the time, the prison's administrative rules require); <u>Ross v.</u>

12   <u>County of Bernalillo</u>, 365 F.3d 1181, 1185-86 (10th Cir. 2005) (same).

13          The San Francisco Sheriff's Department facilities have a three-tier grievance

14   procedure.  Under the first tier, an inmate requests a grievance form and fills it out in

15   triplicate.  (<u>See</u> Decl. Chew at ¶ 4.)  A deputy receives the grievance, reviews it, and

16   prepares a response.  (<u>Id.</u>)  The response is thereafter presented to the inmate, and if the

17   inmate is satisfied with the response, the grievance process ends.  (<u>Id.</u>)  If the inmate is

18   not satisfied, he advances to the second tier, where the inmate can file an appeal which is

19   reviewed by the deputy's supervisor.  (<u>Id.</u>)  The supervisor then writes a response, which

20   he submits to the inmate.  (<u>Id.</u>)  If the inmate is satisfied, the grievance process ends, but

21   if he is not, he moves to the third tier, which is a direct appeal to the facility commander.

22   (<u>Id.</u>)

23          Nonexhaustion under § 1997e(a) is an affirmative defense.  <u>Jones v. Bock</u>,

24   127 S. Ct. 910, 922-23 (2007); <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).

25   Defendants have the burden of raising and proving the absence of exhaustion, and

26   inmates are not required to specifically plead or demonstrate exhaustion in their

27   complaints.  <u>Jones</u>, 127 S. Ct. at 921-22.  As there can be no absence of exhaustion unless

28   some relief remains available, a movant claiming lack of exhaustion must demonstrate

1  that pertinent relief remained available, whether at unexhausted levels or through

2  awaiting the results of the relief already granted as a result of that process.  Brown v.

3  Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005).

4        A nonexhaustion claim should be raised in an unenumerated Rule 12(b) motion

5  rather than in a motion for summary judgment.  Wyatt, 315 F.3d at 1119.  In deciding

6  such a motion – a motion to dismiss for failure to exhaust nonjudicial remedies – the

7  court may look beyond the pleadings and decide disputed issues of fact.  Id. at 1119-20.

8  If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper

9  remedy is dismissal without prejudice.  Id. at 1120.

10  C.    Analysis

11        Defendant contends that Plaintiff failed to properly exhaust any of the claims

12  raised in his complaint through the grievance process at the San Francisco Sheriff's

13  Department prior to filing suit.  (Mot. to Dismiss at 4.)  Although Plaintiff alleges in his

14  complaint that he presented his claim for review through the grievance procedure,

15  Defendant contends that Plaintiff never filed a grievance related to this action.  (Id.)

16  Defendant provides a declaration from Senior Deputy Vincent Chew, who is the

17  custodian of records for the Sheriff's Investigative Service Unit, in which he states that he

18  conducted a diligent search of all grievances filed by Plaintiff between February 2009 and

19  August 2010.  (Decl. Chew at ¶¶ 3 and 5.)  Deputy Chew determined that Plaintiff never

20  filed any grievance regarding the February 17, 2009 incident.  (Id.)  Furthermore,

21  Defendant contends that because Plaintiff filed his complaint only nine days after the

22  alleged incident occurred, it is unlikely that he had the time to exhaust the grievance

23  through the three-tier procedure at the San Francisco Sheriff's Department.  (Mot. to

24  Dismiss at 4.)

25        Plaintiff did not submit an opposition.  A review of Plaintiff's complaint reveals

26  that although he checked the box indicating he presented the facts in his complaint for

27  review through the grievance procedure, he failed to identify any of the levels of the

28  grievance procedures, and also failed to check the box indicating that he appealed to the

1  highest level available to him.  (See Compl. at 1-2.)  These facts paired with Deputy

2  Chew's declaration demonstrate that Plaintiff failed to properly exhaust his administrative

3  remedies at the time he filed the instant complaint.  See Ngo, 548 U.S. at 84.

4      Because Plaintiff failed to exhaust his administrative remedies with respect to his

5  claim against Defendant, Jones' motion to dismiss the complaint (Docket No. 13) is

6  GRANTED.[1]  See 42 U.S.C. § 1997e(a).

7

8                          **CONCLUSION**

9      For the foregoing reasons, Defendant Deputy Jones' motion to dismiss the

10  complaint for failure to exhaust administrative remedies is GRANTED.  This action is

11  DISMISSED without prejudice to Plaintiff refiling after all available administrative

12  remedies have been properly exhausted.  Wyatt, 315 F.3d at 1120.

13      This motion terminates Docket No. 13.

14      IT IS SO ORDERED.

15  DATED: ___8/4/11_____          _____

16                                            JEREMY FOGEL
                                              United States District Judge

17

18

19

20

21

22

23

24

25

26

27  ────────────────

28  [1] Defendant's motion for summary judgment in the alternative is DENIED because the
    named defendant and stated facts in the motion do not pertain to the matters in this case.

Order Granting Motion to Dismiss; Denying MSJ
P:\PRO-SE\SJ.JF\CR.10\Lane01337_grant-mtd (exh).wpd          5

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

MARQUIS L. LANE,

               Plaintiff,

  v.

DEPUTY JONES,

               Defendant.

_____ /

Case Number: CV10-01337 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on ___8/11/11_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marquis L. Lane
San Francisco County Jail
850 Bryant Street
HO2
San Francisco, CA 94103

Dated: ___8/11/11_____

                            Richard W. Wieking, Clerk